### ZEINER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

ANSWER—NEW MATTER—REPLY.

>    Under Code Civ. Proc. § 516,—providing that where an answer contains new matter, constituting a defense by way of avoidance, the court may, in its discretion, direct plaintiff to reply thereto,—where plaintiff sued on a contract of insurance, and set out an alleged copy of the contract, and defendant answered, alleging that plaintiff's copy of the contract was not accurate, and set out portions of the company's constitution and by-laws, without any allegations of fraud or untrue statements by plaintiff, defendant's motion to require plaintiff to answer such allegations was properly overruled.

Appeal from special term, Kings county.

Action by Georgiana Zeiner against the Mutual Reserve Fund Life Association. From an order denying defendant's motion to require plaintiff to reply to certain averments of new matter by way of avoidance, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

W. T. B. Milliken (George Burnham, Jr., and S. T. Tyng, on the brief), for appellant.

William H. Klinker, for respondent.

WOODWARD, J. Section 516 of the Code of Civil Procedure provides that "where an answer contains new matter, constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." In the case before us the plaintiff sues upon a contract of insurance, setting out what purports to be a copy of the contract. The defendant, answering the complaint, alleges that the contract as stated in the complaint is not accurate, and refers to the original contract, when admitted in evidence, for greater accuracy. It then sets out portions of its constitution and by-laws, and makes allegations covering substantially the averments of the complaint, without making any allegations of fraud or untrue statements, or that the plaintiff or the insured failed to keep and perform the agreements contained in the policy to be kept and performed by them. None of this is new matter, in any proper sense. It is all involved in the

contract sued upon, and constitutes a part of the complaint. The defendant sets up an affirmative defense; alleging a breach of the terms of the policy, in that the insured failed to make one of the mortuary assessment payments within the time fixed by the constitution and by-laws of the defendant. On the motion of the defendant to compel the plaintiff to reply to this alleged new matter, the court denied the motion, and this appeal is from the order denying such motion.

We are of the opinion that the court at special term acted within the scope of its legal discretion, and that there is no reason why the plaintiff should be asked to reply to the matter set up in defendant's answer.

The order appealed from should be affirmed, with costs. All concur.